UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00031-RWS |
| | ) |
| ERIC S. CREWS, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.    PARTIES:

The parties are the defendant Eric S. Crews, represented by defense counsel Joseph W.

Flees, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri. The Court is neither a party to

nor bound by this agreement.

### 2.    GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to the amended charge of possession of child pornography in

violation of Title 18, United States Code, Section 2252A(a)(5), as reflected in the superseding

Information, the Government agrees that no further federal prosecution will be brought in this

District relative to the events that gave rise to the charging instruments in this case, of which the

Government is aware at this time.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to request a sentence of no more than eighty-four (84) months imprisonment to be followed by lifetime supervised release and appropriate restitution and fees. The parties agree that the defendant may request a sentence within or below the United States Sentencing Guidelines range. The defendant further agrees that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the sentencing requests of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: an iPhone cellular telephone, an Amazon tablet, a NuVision tablet and a Sandisk USB drive. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.    **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession and Accessing with Intent to View Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed and accessed with the intent to view material that contained images or videos of child pornography (2) which were visual depictions,

2

where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

**4.    FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On November 11, 2020, the Defendant, utilizing the internet, uploaded to Kik Messenger social media platform, fourteen files of child pornography and shared them with at least one other Kik Messenger account user. That same day, Kik Messenger made a cyber tip to National Center for Missing and Exploited Children reporting the Defendant's distribution of child pornography over Kik Messenger. These files of child pornography that the Defendant shared over Kik Messenger included depictions of prepubescent minors.

On June 15, 2021, the St. Charles County Police Department executed a search warrant at the residence of the Defendant in St. Peters, Missouri, within the Eastern District of Missouri. On that date, the Defendant was in possession of child pornography. On his Apple iPhone 8, the Defendant possessed at least 5,400 images and 610 videos of child pornography. All depicting minors engaged in sexual conduct and/or a lascivious display of their genitals. The child pornography possessed by the Defendant included minors under the age of twelve years and included minors subjected to the penetration of their genitals. The child pornography possessed by the Defendant on his Apple iPhone 8 included, but was not limited to:

3

     a.      A video file depicting a prepubescent female juvenile with her mouth and hands on the penis of an adult male while in a vehicle and further depicts an adult male rubing his penis on the vagina of the same juvenile prepubescent female;

     b.      An video file depicting multiple instances of an adult male ejaculating onto the face of an unconscious prepubescent female minor; and

     c.      A video file depicting a barely pubescent male juvenile placing his penis in the mouth of a prepubescent male juvenile while they are on a bath tub,

It was further determined by law enforcement during forensic analysis of the Defendant's Apple iPhone 8, that there was evidence on the cell phone of the Defendant's use of social media to send and receive child pornography. Law enforcement located evidence Defendant participated in large group chats on the social medial platform Viber pertaining to the sharing of child pornography. Viber is a third-party messaging application that can be used to make voice and video calls as well as group chats and group calls. Law enforcement also found evidence of the use of the social media platform WhatsApp to trade child pornography. WhatsApp is encrypted so that users can send data that cannot be detected. Law enforcement found WhatsApp groups with names and content referring to subjects such as Mega links referring to CP including: I Love young boys, Teen 10-13, Baby, Small kids and Kids nudes. Law enforcement also found that the Defendant utilized a social media platform called TamTam to view and obtain child pornography, and that the Defendant participated in groups on TamTam called Tam tam cp, sex kds, PedoMom, cp group, club cp, world cp and cp videos.

Also on June 15, 2021, the Defendant waived his *Miranda* rights and consented to speak with law enforcement. The Defendant explained to law enforcement that he had a child pornography problem and needed help. The Defendant admitted that he joined different Kik

Messenger social media groups where child pornography was being shared over the internet. He further admitted that he also used the social media platforms Viber and WhatsApp to obtain files of child pornography over the internet. The Defendant explained that he had been viewing child pornography for over a year and that he saved the child pornography files that he received over the internet to his personal cellular telephone.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce. The Defendant's Apple iPhone8 was manufactured outside of the state of Missouri and was transported across state lines in interstate and foreign commerce.

**5.    STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years.

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court may impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00).

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to

5

sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A(a)(2), receipt of child pornography).

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a.    **Chapter 2 Offense Conduct:**

(1)    **Base Offense Level:** The parties agree that the base offense level is eighteen (18) found in Section 2G2.2(a)(1).

(2)    **Specific Offense Characteristics:** The parties agree as follows:

(a)    The parties agree that two (2) levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(b)    The parties agree that two (2) levels should be added pursuant to §2G2.2(b)(3)(F), because the "defendant knowingly engaged in distribution;"

6

(c) The parties agree that four (4) levels should be added pursuant to §2G2.2(b)(4), because the offense involved material that portrays... sadistic or masochistic conduct...;"

(d) The Government asserts that two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material," while the defendant reserves the right to argue against the application of this special offense characteristic; and

(e) The parties agree that five (5) levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

**b.** **Chapter 3 Adjustments:**

**(1)  Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said

evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)** **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

**c.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty (30).

**d.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of

8

the statute(s) to which defendant is pleading guilty and whether defendant's

conduct falls within the scope of the statute(s).

(2)    **Sentencing Issues:** In the event the Court accepts the plea and, after

determining a Sentencing Guidelines range, sentences the defendant within or

below that range, then, as part of this agreement, the defendant hereby waives all

rights to appeal all sentencing issues other than Criminal History, but only if it

affects the Base Offense Level or Criminal History Category.  Similarly, the

Government hereby waives all rights to appeal all sentencing issues other than

Criminal History, provided the Court accepts the plea and sentences the defendant

to a sentence of eighty-four months imprisonment or more.

b.    **Habeas Corpus:**  The defendant agrees to waive all rights to contest the

conviction or sentence in any post-conviction proceeding, including one pursuant to Title

28, United States Code, Section 2255, except for claims of prosecutorial misconduct or

ineffective assistance of counsel.

c.    **Right to Records:**  The defendant waives all rights, whether asserted directly or

by a representative, to request from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including any records

that may be sought under the Freedom of Information Act, Title 5, United States Code,

Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

a.    **Disclosures Required by the United States Probation Office:**  The defendant

agrees to truthfully complete and sign forms as required by the United States Probation

9

Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b.** **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.** **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that the defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

**d.**  **Special Assessments:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A, transportation, distribution, receipt, possession, or access with the intent to view child pornography).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court shall impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00).

**e.**  **Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

11

**f.**     **Fines, Restitution and Costs of Incarceration and Supervision:** The Court

may impose a fine, restitution (in addition to any penalty authorized by law), costs of

incarceration and costs of supervision. The defendant agrees that any fine or restitution

imposed by the Court will be due and payable immediately. Pursuant to Title 18, United

States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes

listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount

of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b)

and 2259 and the amount of loss agreed to by the parties, including all relevant conduct

loss. The defendant agrees to provide full restitution to all victims of all charges in the

indictment without regard to the count or counts to which the defendant has agreed to

plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for

each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

**g.**     **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and

interest in all items seized by law enforcement officials during the course of their

investigation, whether or not they are subject to forfeiture, and agrees not to contest the

vesting of title of such items in the United States. The defendant agrees that said items

may be disposed of by law enforcement officials in any manner.

**9.**     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his

rights, including but not limited to: the right to plead not guilty to the charges; the right to be

tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the Government to prove the elements of the offenses charged against the defendant

12

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right

to be protected from compelled self-incrimination; the right at trial to confront and cross-

examine adverse witnesses; the right to testify and present evidence and the right to compel the

attendance of witnesses. The defendant further understands that by this guilty plea, the

defendant expressly waives all the rights set forth in this paragraph.

    The defendant fully understands that the defendant has the right to be represented by

counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

the proceeding. The defendant's counsel has explained these rights and the consequences of the

waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of

the sentence.

    Defendant understands that by pleading guilty, defendant will be subject to federal and

state sex offender registration requirements, and that those requirements may apply for life. The

defendant understands that defendant must keep said registrations current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information. Defendant shall comply

with requirements to periodically verify in person said sex offender registration information.

Defendant understands that defendant will be subject to possible federal and state penalties for

failure to comply with any such sex offender registration requirements. If defendant resides in

Missouri following release from prison, defendant will be subject to the registration requirements

of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will

be provided to certain law enforcement agencies upon release from confinement following

13

conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

14

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9/6/22
_____
Date

_____
JILLIAN S. ANDERSON
Assistant United States Attorney

8-31-22
_____
Date

_____
ERIC S. CREWS
Defendant

8-3-22
_____
Date

_____
JOSEPH W. FLEES
Attorney for Defendant

15